BARTLETT, Appellant, vs. DOYLE, Respondent.

*November 19—December 7, 1915.*

*Real-estate brokers: Commissions: Exclusive agency: Assent to con-*
*tract: Evidence: Sufficiency: Questions for jury.*

The question being whether plaintiff's modified contract of agency
to sell defendant's farm was for an exclusive agency, plaintiff
testified that, after the parties had agreed upon certain modifi-
cations of the original contract, he said to defendant that it
was understood that he (plaintiff) was to have an exclusive con-
tract as before, and also said they ought to have something in
writing to show what the contract was, to which defendant re-
plied that it was not necessary to have it in writing and that his
word was as good as his bond.    *Held,* that such testimony, if
true, established an exclusive agency, since it showed that de-
fendant assented as well to the exclusive part of the contract
testified to as to any other part; and it was error, therefore, to
take the question from the jury on the ground that there was no
evidence of an exclusive agency.

APPEAL from a judgment of the circuit court for Grant county: GEORGE CLEMENTSON, Circuit Judge.  *Reversed.*

Action to recover commission on an alleged exclusive contract for the sale of real estate.

The cause was submitted to the jury on a special verdict of two questions.  In answer to the first they found plaintiff was not the procuring cause of the sale.  Upon the second question, whether defendant gave plaintiff an exclusive agency for the sale of his farm, they were unable to agree, and the court finally directed them to answer it in the negative on the ground that there was no evidence of an exclusive agency. From a judgment dismissing the complaint the plaintiff appealed.

For the appellant there was a brief by *Kopp & Brunckhorst,* and oral argument by *Arthur W. Kopp.*

For the respondent the cause was submitted on the brief of *Geo. B. Clementson* and *T. J. Fitzpatrick.*

VINJE, J.   It was conceded upon the trial that defendant's farm was sold by an agent other than plaintiff within the time of the exclusive agency, if there was one.   Defendant also concedes that if plaintiff had an exclusive agency he would be entitled to recover though he was not the procuring cause of the sale.   This leaves for determination the sole question whether there was sufficient evidence of an exclusive agency to carry that issue to the jury.   Plaintiff asserts and defendant denies that the original contract entered into between them gave him the exclusive right to sell the farm. Such contract was for a commission of $300.   He worked under that for a while and then secured a modification of it because the commission was inadequate, and the question is, Was this modified contract one for an exclusive agency? Upon this subject plaintiff's testimony is as follows:

"We got out of the car and *Doyle,* Cullen, and myself walked up onto the porch.   I said to him I wanted to see him about the farm, and he said all right and we sat down on the

porch. I told him that I couldn't afford to handle the farm on the basis that I had it. That it was hard to enlist the services of other real-estate men upon that basis, because there was nothing to split with them; the time we split $300 there was nothing in it for any other agent, and that I wanted to make other arrangements with him if possible for more money in case of a sale. *Doyle* asked what I wanted and I said that two per cent. on a farm—on any farm—was regular; but on a farm as rough as his farm and as large, hard to sell, that a man ought to have $5 an acre. He said he would not give it to me. 'Well,' I said, 'what is the matter with holding the farm—or you accepting $95 an acre net and allow me all that I can get over. If I can get $100 an acre the $5 is mine. That is, whatever I can get over is mine.' And he said, 'Well, I don't know, I will see.' And he went into the house, presumably to talk to his wife, because he said 'I will talk it over with my wife,' and he came out in a few minutes and said 'We will do that.' I wouldn't say whether his wife came back with him, but I think she did. And I told him that it was understood that I had the exclusive agency the same as before and that he had to hold it at $100 an acre and send all purchasers to me; if there was any cutting in the price to be done that I would do it, but I told him that I would not hold for $100 an acre if I had an offer of anything over $95 and couldn't do any better that I would sell the farm, before January 1st, as he said it would have to be sold before January 1st, 1915, or he would have to make other arrangements, he would have to know what he could do. And I said to him, 'We ought to have something in writing to this effect,' and he said, 'It isn't necessary to have this in writing with me. My word is as good as my bond.' I said, 'Cullen, you heard the agreement.' He said 'Yes.' "

Cullen, who drove plaintiff to defendant's house and who was present during the conversation, corroborates plaintiff as to what was said.

Relative to the testimony of the plaintiff the court instructed the jury: "Now I charge you now on this testimony, that, taking the testimony of *Bartlett* as being absolutely true, it does not prove an exclusive agency to sell this land." Er-

rors are assigned because the court so instructed the jury and because he directed the jury to answer the second question in the negative. Both assignments of error are well taken. Plaintiff's testimony, if true, established an exclusive agency for the sale of the land till January 1, 1915. The court, if we understand him correctly, seems to have been of the opinion that, because defendant made no separate assent to the proposition that plaintiff was to have an exclusive agency, therefore he did not assent at all. This we deem an erroneous construction of the testimony. When plaintiff said they ought to have something in writing to show what the contract was, and defendant replied, "It isn't necessary to have this in writing with me. My word is as good as my bond," he assented as well to the exclusive agency part of the contract testified to as to any other part thereof, assuming plaintiff's testimony to be true. The denial by the defendant and his sons that an exclusive contract of sale was given plaintiff made the disputed fact a jury question.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings according to law.